**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Telpher Emerson ORREN,
Defendant–Appellant.**

**No. 03–6168.**

United States Court of Appeals,
Sixth Circuit.

Feb. 11, 2004.

David Charles Henry, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Jeffrey Jones, Jones Law Firm, Memphis, TN, for Defendant–Appellant.

Before: NELSON, GILMAN, and ROGERS, Circuit Judges.

## ORDER

Telpher Emerson Orren, a federal prisoner, appeals the sentence imposed upon his conviction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a written plea agreement, Orren pleaded guilty on June 6, 2003, to one count of violating 21 U.S.C. § 843(a)(7) by distributing anhydrous ammonia with the knowledge that it would be used to manufacture methamphetamine. The presentence investigation report calculated Orren's guideline range of imprisonment as 10 to 16 months, based on a total offense level of 12 and a criminal history category of I. Neither party filed objections. At the sentencing hearing, the district court expressed its dissatisfaction at having to sentence Orren within the guideline range and sentenced Orren to a split custodial sentence of 10 months and to 2 years of supervised release. After 5 months in prison, Orren will serve 5 months of home incarceration, which will also count towards his term of supervised release.

Orren's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised an issue requested by Orren: whether the district court was obligated under a constitutionally valid law to sentence him within the guideline range. Orren was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we conclude that counsel's motion to withdraw must be granted as counsel has filed an acceptable *Anders* brief.

Orren's claim lacks merit. Under the Sentencing Reform Act of 1984 ("Act"), a district court is required to impose a sentence within the guideline range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into account by the Sentencing Commission." 18 U.S.C. § 3553(b). Orren did not contend below, and does not contend now, that any mitigating circumstance exists.

Furthermore, in *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), the Supreme Court rejected a challenge to the validity of the Act, stating:

We conclude that in creating the Sentencing Commission—an unusual hybrid in structure and authority—Congress neither delegated excessive legislative power nor upset the constitutionally mandated balance of powers among the coordinate Branches. The Constitution's structural protections do not prohibit Congress from delegating to an

expert body located within the Judicial Branch the intricate task of formulating sentencing guidelines consistent with such significant statutory direction as is present here. Nor does our system of checked and balanced authority prohibit Congress from calling upon the accumulated wisdom and experience of the Judicial Branch in creating policy on a matter uniquely within the ken of judges. Accordingly, we hold that the Act is constitutional.

*Id.* at 412.

Thus, the district court was obligated under a constitutionally valid law to sentence Orren within the guideline range.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.